## WINSHIP *v.* CROTHERS.

PRACTICE—PARTITION.—In actions for partition, it is competent for the Court, at any time before final report, upon proper evidence, to amend its record by correcting any clerical mistake in the description of the land.

The fact, that the commissioners were appointed and sworn before the making of such correction, and made their report afterwards and with reference to it, does not effect the validity of their report, if they have performed their duties in other respects.

APPEAL from the *Clinton* Common Pleas.

HANNA, J.—This was a proceeding to obtain partition of certain land, described in the complaint as in township 20, &c. Partition was ordered and 3 commissioners appointed to set off the several interests of each party, according to the finding of the Court, and the cause continued. At the next term, before the commissioners reported, the plaintiff, on written petition, averred that a clerical error had crept into the proceedings, in this, that the land was misdescribed as being in township 20, when in fact it was in 22, and praying a correction, &c. The correction of the record, or amendment prayed, was ordered. The report was then made, excepted to, a trial of the questions raised by the exceptions was had, and the partition fully confirmed, &c.

The first point made was, that the complaint did not sufficiently show the interest of each party named. It is averred that *Crothers* is the owner in fee simple, as tenant, in common with said *Winship*, of the undivided one-third part, &c., and that the said *Winship* is the owner of the other undivided two-thirds of, &c. We think this sufficiently shows the interest of each.

An answer of four paragraphs was thereupon filed; and, on motion of the plaintiff, the second, third, and fourth were stricken out. In this, it is said, the Court erred. The record

of the clerk professes to embody those paragraphs. Not having been placed there by any process known to the law, they form no part of the record, and, consequently, we can not pass upon the ruling of the Court in striking them out.

· The next point made is upon the ruling on the application to correct the description of the land. The record shows that the defendant objected and excepted to said ruling; but it does not show whether any evidence was offered to the Court in reference to said motion or not. We must therefore presume that such facts were shown to the Court, as authorized the correction. But it is said that the defendant was entitled to answer the complaint as amended, and to a continuance for that purpose. The record does not show that an offer was made to answer over, or an effort made to obtain leave to file a new answer, nor to procure a continuance. Under such circumstances, we see no error in the action of the Court in that respect.

It is further objected, that the commissioners were appointed and sworn to partition land in township 20, and reported as having acted in reference to lands in township 22. It is not shown, nor pretended, but that they examined the right piece of land.

By the exceptions filed, &c., several questions were raised in reference to said report, and the action of the commissioners in making the said partition; but as these questions appear to have been submitted to the Court for trial, and, on the same, a finding recorded for the plaintiff, we can not in view of the fact, that there was no motion for a new trial, or exceptions, placed on record, determine whether the Court found properly or not, but must presume in favor of the finding.

*Per Curiam.*—The judgment is affirmed, with costs.

*Thomas A. Hendricks* and *S. C. Willson*, for the appellant.

· *McDonald & Roache*, for the appellee.