No. 12,682.

## THE MIDLAND RAILWAY COMPANY v. SMITH.

ASSESSMENT OF DAMAGES.—*Application by Land-Owner.—Railroad.—Right of Way.—Description.—Sufficiency of Application and Writ.*—An application by a land-owner for a writ of assessment of damages under sections 906 and 909, R. S. 1881, for the appropriation of land by a railroad company, must refer to the law authorizing the taking of the property, and both application and writ must contain a precise and particular description of the land sought to be taken.

SAME.— *Insufficient Description.— Quashing Writ.*—It is not sufficient to describe the land sought to be taken for a right of way as "about ten rods north of the center" of a certain described eighty-acre tract, and

that it is "a strip through said land, running east and west at the point aforesaid, about one hundred feet wide," and the writ, on proper motion, should be quashed.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*R. R. Stephenson* and *W. R. Fertig*, for appellee.

NIBLACK, J.—This was an application by Samuel M. Smith against The Midland Railway Company, under sections 906 and 909, R. S. 1881, for the assessment of damages on account of the survey and location of the company's line of road over the applicant's land.

The application, which was filed in vacation of the court below, averred that the applicant, Smith, was the owner in fee simple of the east half of the northwest quarter of section three (3), in township eighteen (18) north, range three (3) east, in the county of Hamilton, in this State; that said company had surveyed and located its road-bed west through Hamilton county, and that its line of road passed " over and across the plaintiff's said land about ten rods north of the center of said tract, occupying for its right of way a strip through said land, running east and west at the point afore- said, about one hundred feet wide." Wherefore, after the averment of other pertinent facts, the applicant prayed that a writ for the assessment of his damages, under sections of R. S. 1881 from 881 to 912, both inclusive, might be issued, and such a writ was accordingly issued by the clerk of the court below.

The writ, which recited what purported to be the material part of the application, contained the same description of the strip of land as that embraced in the application as above given.

The sheriff, to whom the writ was issued, after giving notice to the railway company, summoned and empanelled a jury of eight persons, who, after an examination of the prem- ises, assessed the applicant's damages at the aggregate sum

of $500, and the sheriff made return of his proceedings to the clerk who issued the writ.

At the ensuing term of the Hamilton Circuit Court, the railway company entered a special appearance to the action, and moved to quash the writ, upon the ground that the writ, as well as the application, did not contain a " precise description " of the strip of land sought to be appropriated by the company, within the meaning of section 906, R. S. 1881, *supra ;* also, that the application did not refer to the law which authorized the railway company to take and appropriate the strip of land in question, but the court overruled the motion. Such proceedings were thereupon had as resulted in a confirmation of the assessment of damages made by the jury, and in a judgment in favor of the applicant, Smith.

The policy of the statute, under which this proceeding was instituted, seems to be to require such a " precise description " of the real estate for which an assessment of damages is desired, as will thereafter preclude any difficulty in identifying the land in another action concerning it, or in any other respect when an identification shall become material; also, to require a reference to the law authorizing the taking of such real estate, so that the court may be informed as to the nature and validity of the title which will pass to the person, corporation or company taking it upon the assessment and payment of resulting damages.

These requirements may sometimes inflict greater inconvenience upon the owner of the real estate, who applies for the assessment of the damages, than upon the person, corporation or company which seeks to appropriate some particular part of his real estate for which damages are to be assessed, since such person, corporation or company must usually be presumed to be better informed as to the facts necessary to fulfil such requirements ; but, however that may be, the statute seems to require that whoever applies for the assessment of damages under it, must give a precise, and hence particular,

The Midland Railway Company v. Smith.

description of the real estate sought to be taken, and refer to the law which authorizes the taking as proposed.

The phrases "*about* ten rods north of the center of said tract," and "a strip through said land, running east and west at the point aforesaid, *about* one hundred feet wide," are both uncertain and indefinite, the first as to the location of the particular strip of land referred to, and the second as to the area which it contains. Both taken together did not constitute such a "precise description" of the land intended to be described as is contemplated by the statute under which the application in this case was made. There is also nothing expressed to indicate what part of the strip of ground lies *about* ten rods north of the center of the applicant's tract of land, whether its center line or its nearest edge. The motion to quash the writ for the assessment of the applicant's damages ought, therefore, to have been sustained.

In construing the sections of the statute now before us, we have adhered to the construction placed upon those sections by the case of *Indianapolis, etc., R. R. Co.* v. *Newsom,* 54 Ind. 121. In that case the line of road was described as extending diagonally through the land in question "from a point *near* the northeast corner to a point *near* the southwest corner," and it was held that this description was not sufficiently "precise" within the provisions of section 906 of the statute herein above commented upon.

Pending the motion to quash the writ for the assessment of the damages, the railway company asked and obtained leave to strike out the word "about" wherever it occurred in the application for the writ in connection with the description of the strip of land to which reference was therein made, and it was after the word "about" was so struck out, in pursuance of the leave thus granted, that the motion to quash was overruled. There was, however, no leave asked to amend, and hence no amendment was made in the description of the strip of land contained in the writ which conferred the authority for the assessment of the damages. Un-

der such circumstances, the amendment of the application did not cure the defective description in the writ, and did not, in consequence, break the force of the objection urged against the sufficiency of the writ on account of such defective description.

As to the practice governing objections and exceptions to the findings, reports and assessments of specially organized tribunals, see the cases of *Beeber* v. *Bevan*, 80 Ind. 31 ; *Roush* v. *Emerick*, 80 Ind. 551; *Coulter* v. *Coulter*, 81 Ind. 542. A jury is not required to try such objections or exceptions.

The judgment is reversed, with costs, and the cause is remanded with instructions to grant the appellee further leave to amend if he shall desire such leave, and, in default of further amendment, to sustain the motion to quash the writ for the assessment of the damages.

Filed Dec. 23, 1886 ; petition for a rehearing overruled Feb. 17, 1887.