Steele *et al. v.* Hanna *et al.*

Filed Feb. 14, 1889.

No. 13,524.

STEELE ET AL. *v.* HANNA ET AL.

DRAINAGE.—*Mistake in Description.—Correction while Proceedings are in Fieri.*
—Where, in drainage proceedings, a clerical mistake occurs in the report of the commissioners in the description of lands affected, which is carried into subsequent interlocutory entries, such mistake may, at any time before the work is completed and the final report of the commissioner in charge is approved, be corrected by the court on petition or motion of the parties, or on its own motion.

From the Hancock Circuit Court.

*W. R. Hough, E. Marsh* and *W. W. Cook,* for appellants.
*W. H. Martin,* for appellees.

MITCHELL, J.—It appears from the petition upon which the present proceeding is based, that a certain drain or ditch had been duly located and established under the drainage act of 1881, as amended by the acts of 1883 and 1885, by the order and judgment of the Hancock Circuit Court, and that in the

course of the proceeding, viz., in the report of the commissioners of drainage, a mistake in the description of a certain quarter section corner had occurred by inadvertently writing the word "south" where the word "north" should have been, and was intended to be, written. This mistake was carried through all the subsequent proceedings wherever the description of the proposed drain was written. After the adjournment of the court for the term at which the drain was established, and when the commissioner to whom the matter was referred was about to proceed with the construction of the work, the mistake was discovered. In all other respects the proceedings for the location of the ditch conformed to the requirements of the statute.

This proceeding was instituted by two of the parties interested in the construction of the ditch, who set up the facts in detail in a verified petition, and moved the court to cause the mistake in the description in the report of the drainage commissioners, and in the subsequent proceedings, to be corrected in the respects mentioned, so that the description on the record might correspond with the location of the drain as actually made. All the parties interested were duly summoned into court.

Upon due consideration of the petition and the proofs made, the corrections were ordered as prayed.

It is now contended that the court had no power to order the description to be corrected upon the facts stated in the petition or motion, and that even if the facts therein stated were sufficient, the correction could not be ordered upon a mere motion after the close of the term at which the order establishing the drain was made, but that a formal complaint, by persons denominated as plaintiffs, having a joint interest in the relief demanded, against others who were properly named as defendants, was necessary. We do not concur in this view. This is in no proper sense an independent action, such as can only be commenced by complaint, as ordinary civil causes are commenced, agreeably to the pro-

visions of section 314, R. S. 1881, and other sections of the code of civil procedure.

Notwithstanding the order of the court confirming the report of the drainage commissioners, and establishing the ditch, and referring the matter to one of the commissioners, for the construction of the work, the proceeding remained *in fieri,* and will so continue, until the work is completed and a final report made to, and approved by, the court.

The orders above mentioned were of an interlocutory character. An order or judgment is interlocutory in a sense, even though it settles the rights of the parties as then presented to the court, whenever something further remains to be done, as where there is an accounting to be had, a question of damages to be ascertained, or a reference required in order to carry into effect the judgment or decree already given. *Cambridge Valley Nat'l Bank* v. *Lynch,* 76 N. Y. 514.

The commissioner having charge of the work is, by the express terms of the statute, under the direction and control of the court until the work is finally completed and a final report of the receipts and expenditures made. Section 4279, R. S. 1881; Acts 1885, pp. 139, 140.

By the provisions of section 8 of the act of 1885, the court is authorized to release any person or modify his assessment without affecting the rights or liability of any other person, and also upon supplemental petition to bring in other persons than those whose lands are mentioned in the original petition.

These provisions are persuasive of the fact that the proceedings, like those in cases of the administration of decedents' estates, and receiverships and the like, remain under the control of the court until the work is finally completed, and the final report of the commissioner approved. This being the status of the case, it is brought fairly within the principles which ruled *Ryon* v. *Thomas,* 104 Ind. 59.

It is an inherent power of a court, while a proceeding remains under its control, to cause its record, or to cause or

permit any process, return or report, to be amended or modified, so as to conform to what was actually done, as the justice of the case may require. This may be done summarily, either upon proceedings instituted for that purpose by a party interested, or by the court upon its own motion. In such cases formal issues and pleadings are not contemplated, nor does the alleged insufficiency of the petition or motion ordinarily present any question for consideration. *Runnels* v. *Kaylor,* 95 Ind. 503.

It was, therefore, entirely within the province of the court, when the fact was brought to its attention, whether by motion, petition, or in any other way, that a mistake in the description had occurred, to make inquiry and examination concerning the matter, and if a mere clerical mistake was in fact made, to cause it to be corrected.

It would be intolerable and a reproach upon the administration of the law, if an expensive proceeding, still in progress and under the control of the court, could be wholly frustrated by a mere slip of the pen, such as occurred in the present case.

It is within the province of a court to correct the verdict of a jury where it is apparent from data properly in the record that there was an error in computation, or an omission or mistake. *Dawson* v. *Shirk,* 102 Ind. 184, and cases cited. In like manner an officer may be permitted or required to correct a return in order to make it conform to the facts in the case.

So the commissioners of drainage having inadvertently written the word " south," when they intended to write "north," and having, in fact, actually surveyed and located the ditch on a particular line corresponding with that indicated in the petition, it would defeat the ends of justice to hold that this could not now be corrected.

We are not required to enter upon the consideration of the general power of courts to correct their records or process, or other papers pertaining to proceedings in court, after the ex-

piration of the term, when the matter is no longer *in fieri* and under the control of the court. The present is not such a proceeding.

The court committed no error.

The judgment is affirmed, with costs.

