The Midland Railway Company *v.* Smith.

No. 14,396.

THE MIDLAND RAILWAY COMPANY *v.* SMITH.

ASSESSMENT OF DAMAGES.—*Application of Land-Owner.—Railroad.—Right of Way.—Amendment of Description of Land.—Right to Amend After Reversal.*—Where an application was made for a writ for the assessment of damages on the ground that a railway company had located and was about to proceed with the construction of its road across the petitioner's land, without having made or tendered any compensation for the accruing damages, and a judgment for damages in pursuance of the application thus made was reversed, because the description of the land appropriated, as required by the statute, was not sufficiently precise, it was proper for the court below, when the case came back, to grant leave to amend the description of the land appropriated, as the same was set forth in the application and writ. Proceedings such as these are amendable in matters of description so long as they remain *in fieri.*

SAME.—*Exceptions to Amount of Damages.— When may be Filed.—Appeal.*— Where exceptions are filed by either party within ten days after the filing of the award provided for in section 3907, R. S. 1881, or the inquest provided for in section 896, R. S. 1881, an appeal is thereby effected, and the case then stands for amendment, or for the filing of additional exceptions, or the making of new issues, the same as in any other action. An appeal having been effected within ten days, by the filing of exceptions, it was not error to permit the opposing party to file exceptions to the amount of damages awarded, after the expiration of ten days, and after the cause had come back to the trial court upon reversal in the Supreme Court.

SAME.—*Appropriation of Land.—Consent of Owner to.—Effect of on Recovery of Damages.*—A land-owner who consents to the appropriation of his land by a railroad company, is not precluded from seasonably instituting proceedings for the amount of his damages.

SAME.—*Assertion of Claim for Compensation.— When Must be Made.—Statute of Limitations.*—The claim for compensation must be asserted within the statute of limitations. After that period has elapsed, it will be conclusively presumed that the damages were assessed and paid, or that they were waived. As long as the owner of land, over which a railway company is seeking to obtain the right of way, retains complete possession and control of the same, the statute of limitations does not begin to run against his right of recovery for damages. When a railway company finished its grade on the petitioner's land, in 1873, but the landowner retained complete possession and control of the land until 1885, when the defendant having acquired the rights of its predecessor, took possession, commenced laying ties, and otherwise equipping the road for

use, a proceeding then instituted for the assessment of damages was seasonably brought.

From the Hamilton Circuit Court.

*H. Crawford, T. J. Kane* and *T. P. Davis*, for appellant.
*R. R. Stephenson* and *W. R. Fertig*, for appellee.

MITCHELL, J.—In August, 1885, Smith made application in pursuance of sections 906–909, R. S. 1881, for a writ for the assessment of damages, alleging that the railway company had located, and was about to proceed with the construction of, its road across his land without having made or tendered any compensation for the accruing damages, and without having taken any steps to have the amount of compensation assessed or fixed by agreement.

A former judgment for damages in pursuance of the application thus made was reversed, because the description of the land appropriated, as required by the statute, was not sufficiently precise. *Midland R. W. Co.* v. *Smith*, 109 Ind. 488.

The court below, in obedience to the mandate in the above case, granted leave to amend the description of the land appropriated, as the same was set forth in the application and writ. There was no error in this. There was no change in the location of the road. The amendment simply furnished a correct description of the land upon which the road was actually located and graded. Proceedings such as this are amendable in matters of description so long as they remain *in fieri. Steele* v. *Hanna*, 117 Ind. 333 ; *Winship* v. *Crothers*, 20 Ind. 455. We can not assume that the sheriff's jury did not examine the land actually described in the amended application and writ. Indeed, the record shows that the amendment did nothing more than to make the application and writ conform to the description as contained in the verdict of the jury.

The appellant complains that the court erred in permitting the appellee to file exceptions to the award made by

the sheriff's jury, after the case had been returned from this court. At the former hearing the railway company alone had exceptions upon the record. Subsequently the appellee was permitted to file exceptions to the award, on the ground that the amount of damages assessed by the sheriff's jury was too low.

The appellant insists that no exceptions can be filed after the expiration of ten days from the making of the award. Section 3907, R. S. 1881, limits the time within which exceptions may be filed by either party to the award of appraisers to ten days after the filing of the award, but as we have seen the present proceeding was instituted under the statute which regulates the assessment of damages by an inquest to be held by the sheriff. This latter statute provides, in effect, that issues of law and fact may be made and tried, and proceedings taken as in other actions, after the return of the inquest to the court by the sheriff. Section 896, R. S. 1881. Conceding that the two statutes, so far as they relate to the same subject, are to be construed *in pari materia*, and the conclusion follows, according to the settled interpretation of these statutes, that where exceptions are filed by either party within ten days after the filing of the award or inquest, an appeal is thereby effected, and the case then stands for amendment or for the filing of additional exceptions, or the making of new issues the same as any other civil action. *Swinney* v. *Ft. Wayne, etc., R. R. Co.,* 59 Ind. 205; *McMahon* v. *Cincinnati, etc., R. R. Co.,* 5 Ind. 413.

An appeal having been effected within ten days by the filing of exceptions, it was not error to permit the appellee to file exceptions to the amount of damages awarded after the expirations of ten days. A party to a proceeding for the assessment of damages might be quite content to forego the expense and vexation of an appeal notwithstanding the damages might seem inadequate or excessive, as the case may be. If, however, his adversary files exceptions and takes an appeal, we can discover no good reason why the

appellee may not then also file exceptions and make issues of law or fact as in other cases.

It is contended next that the facts stated in the application show that the land owner was not entitled to a writ for the assessment of his damages, because it appears therefrom that he had permitted the company to enter upon and appropriate his land under an agreement that the company should not acquire the title until compensation had been made for the land. The argument is that an owner of land, who voluntarily permits a railroad company to enter upon and appropriate his land to a public use, without first making compensation, thereby waives his constitutional protection or statutory right to have the damages assessed, and must thereafter rely upon an express, or implied, contract to pay the value of the land; if, indeed, he has not waived his right to compensation altogether.

It is quite true that an owner of land who has notice of proceedings for the laying out of a highway, who neglects or fails to make application for compensation or damages resulting therefrom at the proper time, will be presumed to have waived any claim for damages. *Reckner* v. *Warner*, 22 Ohio St. 275; *Harper* v. *Richardson*, 22 Cal. 251. This follows as a consequence of the provisions of special statutes applicable to proceedings for the laying out of highways. These statutes, and the decisions based upon them, are not controlling in a case like the one before us. A land-owner, who consents to the appropriation of his land by a railroad company, is not precluded thereby from seasonably instituting proceedings for the assessment of his damages. *Louisville, etc., R. W. Co.* v. *Beck*, 119 Ind. 124; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 308; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581.

Section 3953, R. S. 1881, provides in express terms that "If, from any cause, there shall be any failure of the title to any right of way, or when the title thereto has not been acquired, upon which any railroad of this State is now con-

structed, it shall be lawful for the company owning the road, or for the party owning such lands upon which any part of the road is constructed, to apply to the proper court for the writ of assessment of damages," etc. The facts stated in the application bring the case clearly within the above statute.

It is insisted next that the action was barred by the statute of limitations, which requires certain actions to be brought within six years after the cause of action accrued.

We do not doubt but that the claim for compensation must be asserted within the statute of limitations, for after that period has elapsed it will be conclusively presumed that the damages were assessed and paid, or that they were waived. *Blair* v. *Kiger*, 111 Ind. 193; *Brookville, etc., Co.* v. *Butler*, 91 Ind. 134; *Forster* v. *Cumberland, etc., R. R. Co.*, 23 Pa. St. 371; Mills Em. Dom., section 340.

Whether the action should have been brought within six or fifteen years we do not decide, because the facts found make it very clearly appear that the action did not accrue until the appellant took possession of the land, which was less than six years before the commencement of this proceeding. Notwithstanding the grade was finished in 1873, the evidence tends to show that the land-owner retained complete possession and control of the land until in the year 1885, when the appellant having acquired the rights of its predecessor took possession and commenced laying ties, and otherwise equipping the road for use.

As the owner was in possession of the land which comprised the graded right of way, with a perfect title of record, the appellant can not reasonably avail itself of the doctrine of estoppel. There was no standing by, since it appears that the owner of the land, notwithstanding the road was graded up some ten or twelve years before the appellant undertook to complete it, never relinquished possession,

and steadily asserted his purpose not to do so until his damages were assessed or paid.

There is no essential variance in the proof and finding, nor is there any departure from the material averments in the application.

The evidence tends to support the finding, and we can discover no error which would justify a reversal of the judgment.

Judgment affirmed, with costs.

Filed Sept. 18, 1890; petition for a rehearing overruled Jan. 14, 1891.