Filed January 17, 1893.

---

No. 608.

THE EVANSVILLE & RICHMOND RAILROAD COMPANY v. CHARLTON.

ESTOPPEL.—*Railroad.*—*Appropriating Land for Right of Way.*—*Consent of Owner.*—*Not Precluded from Recovering Damages.*—A person who consents to an appropriation of his land by a railroad company is not estopped thereby to claim damages for the injury done to his property, when suit therefor is seasonably instituted.

RAILROAD.—*Right of Way.*—*Damages to Abutting Lots.*—*Proportional Damages.*—*Lots Contiguous to Abutting Lots.*—*Not Liable for.*—Where a railroad company appropriates land for a right of way, and the owner institutes suit for damages, he can only recover damage for the land so appropriated and the depreciation in value, because of said railroad, of the land abutting thereto; and where the land is laid out into lots, the owner can only recover for the depreciation in value of such lots as abut on the land so appropriated for a right of way, and where only a part of a lot abuts

The Evansville & Richmond Railroad Company v. Charlton.

on the land so appropriated, it is held that the railroad company will be liable in damages for its depreciation in value, because of said railroad, only in the ratio of the abutting part of said lot to the whole of said lot.

From the Jackson Circuit Court.

*M. F. Dunn,* for appellant.

*O. H. Montgomery,* for appellee.

DAVIS, J.—This was an action commenced in the Circuit Court by the appellee against appellant for a writ of assessment of damages, under sections 881 to 912, inclusive, of the revised statutes of 1881.

The writ was issued and the sheriff proceeded to hold the inquest and made his return with an award of damages in favor of appellee in the sum of three hundred and eighty dollars. To this award each of the parties filed exceptions.

The sixth specification of exceptions to the assessment of damages filed by appellant was, in substance and to the effect, that the railroad track of appellant, in question, was located and established in a street in the city of Seymour; and that, prior to the location and establishment of said railroad, the common council of said city duly gave the consent of the city to said appellant to locate and operate its railroad upon said street; and that afterwards, and before the location and construction of the road, the appellee and other owners of real estate abutting on said street gave the appellant their free and unqualified consent to the location and operation of its railroad on said street, which authority and consent was in writing and was accepted by the appellant as a free gift of the right of way along and over said street; and that, relying upon and by virtue of said order and consent of said city, and the consent of said appellee and other abutting owners of real estate on said street, appellant did thereafter construct said railroad and expend a large amount of money, all with the full knowledge of appellee, who made no objection thereto.

A demurrer was sustained to said exception, to which ruling appellant at the time excepted.

If an estoppel from claiming damages can be predicated upon the fact that the land owner, prior to the location and construction of the railroad, gave his free and unqualified consent thereto, the facts in said exception were fully and properly pleaded, provided the point raised by appellee that such answer, if otherwise sufficient, should be addressed to the complaint and not to the assessment, is not well taken.

The first question to be determined is whether the court erred in sustaining the demurrer to the sixth paragraph of exceptions to the assessment of damages.

If the appellant is right on this proposition, the judgment of the court below will have to be reversed, but if the action of the court below, in sustaining this demurrer, is correct, then, as we view the record and understand counsel for appellant, the judgment should be affirmed, unless the appellee is entitled to a reversal on his cross-assignment of errors.

As a matter of practice, it is perhaps true, as contended by counsel for the appellee, that the facts set out in the sixth specification of exceptions, if sufficient, should have been pleaded in bar of the right of appellee to have the benefit of the writ. Section 896, R. S. 1881; *Indiana, etc., R. W. Co.* v. *Allen*, 100 Ind. 409.

This question, however, we do not decide.

It will be observed there is no pretense that appellee relinquished any claim for damages by reason of the construction of the railroad, except as the result of the consent and license mentioned in said specification. *Burrow* v. *Terre Haute, etc., R. R. Co.*, 107 Ind. 432 (438).

The doctrine established by the decisions of the Supreme Court in this State is that the license or consent of the land owner to the entry and appropriation of a right of way by a railroad company, and the location and construction

of its line of road thereon, do not bar or estop the owner from prosecuting proceedings for assessment of damages, at any time before the statute of limitations has run against him.

" A land owner who consents to an appropriation of his land by a railroad company is not precluded thereby from seasonably instituting proceedings for the assessment of his damages." *Midland R. W. Co.* v. *Smith*, 125 Ind. 509; See also *Midland R. W. Co.* v. *Smith*, 113 Ind. 233; *Midland R. W. Co.* v. *Smith*, 109 Ind. 488; *Evansville, etc., R. R. Co.* v. *Nye*, 113 Ind. 223; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581; *Porter* v. *Midland R. W. Co.*, 125 Ind. 476; *Kincaid* v. *Indianapolis Natural Gas Co.*, 124 Ind. 577 (582).

In the Smith cases, *supra*, the land owner not only consented that his land might be occupied by the company for right of way, but also, as subcontractor, actually graded and constructed that part of the line across his own lands, without asserting or claiming compensation, and yet it was held that he could maintain his proceedings for assessment of damages against a subsequent purchaser of the road without notice of his claim.

Our conclusion, therefore, is that the court below did not err in sustaining the demurrer to the sixth specification of exceptions.

The cause was tried by the court, special findings were made, and conclusions of law thereon stated as follows:

"*First.* Defendant is, and has been for five years, a railroad corporation organized under the statutes of Indiana.

"*Second.* Plaintiff is a resident, and has been for ten years past, of the city of Seymour, Jackson county, State of Indiana.

"*Third.* During the years 1888, 1889 and 1890, the plaintiff owned in fee the following described real estate, situate within said city, to wit: Block numbered 27, being 300 feet square.

"*Fourth.* That during the year 1888, what is known as Eighth street, in said city, was extended, and was and is 60 feet wide from north to south, and was then made to run through said block as follows : Entering at the west side of said block so that the south side of such street was 40 feet north of southwest corner of said block, and the said street ran thence east with such angle south that 130 feet east of southwest corner of said block said south side of said street crossed and intersected the south side of said block, and said street continued on the same angle to Ewing street, which bounds said block No. 27 on the east, and Booth street bounds said block on the west.

"*Fifth.* That thereupon said plaintiff laid out said block in lots as follows : The three-cornered tract cut off said block by Eighth street, as shown above, and lying on the south and contiguous to Eighth street, and being 40 feet front on Booth street, and the two sides being 130 feet, and then at the east end coming to a point—being one lot—being the same as described in complaint, and the balance on the north side of Eighth street being divided into nine lots of about equal size, all 150 feet long from east to west, four of them fronting on Booth street and five of them fronting east on Ewing street. The same side of the two lots, they being next to Eighth street, were the only lots of said nine abutting or lying next to Eighth street.

"*Sixth.* Very soon (in 1889) after said Eighth street was extended and opened as described above, defendant obtained the consent of the city authorities in said city to extend and lay its railroad track along and on said Eighth street at and over the ground above described, and the city council of said city was superinduced to give defendant the right of way for its track along said Eighth street, at said point, by a written petition signed by many property owners in that neighborhood, including the plaintiff, and that at once defendant then laid, located, and erected its main track along said street, a few feet south of the cen-

The Evansville & Richmond Railroad Company *v.* Charlton.

ter of said street, clear along between Booth and Ewing streets, without molestation, and the defendant brought no proceedings against the plaintiff to assess damages, and none have been paid, and no proceedings were had until the plaintiff began this proceeding, September 8th, 1891.

"*Seventh.* Immediately before defendant's track was laid along said Eighth street, as above set out, the three-cornered lot of plaintiff described above was of the value of $75, and when said track was completed along said Eighth street, and the defendant began to operate its·trains, which it did and has done and is still doing, it was only of the value of $15.

"*Eighth.* Immediately before defendant's track was placed along said Eighth street, the plaintiff's two lots adjoining the north side of said Eighth street were of the value of $300 each, and when said track was completed along said street and began to be used, each of said two lots was only of the value of $150.

"*Ninth.* Immediately before defendant's track was laid along said street, the plaintiff's seven lots, in said block, lying north of the two mentioned in paragraph eighth of this special finding were of the value of $275 each; that so soon as defendant's said railroad was placed and operated along said part of Eighth street, said seven lots were, and are now, only of the respective value of $225.

"*Tenth.* The fee of said part of Eighth street is all in the plaintiff, except four-thirteenths part thereof, subject however to the right of way for said street and said railroad purposes. 'The part of said Eighth street not so owned by the plaintiff lies in a wedge-shape, the point beginning 130 feet east of the southwest corner of said block 27 and said part of Eighth street, the fee of which is not in plaintiff, being $52\frac{9}{13}$ feet wide from north to south, as measured at west side of Ewing street.'

"*Eleventh.* The constructing and operating of defendant's track, cars and railroad along, upon, and in said

part of Eighth street has specially damaged plaintiff as follows: First, because of an increased burden upon the fee as to the part owned by the plaintiff, $25; depreciation in the value of plaintiff's three-cornered lot lying adjoining the south side of Eighth street, $60; depreciation in the value of the west lot lying contiguous to the north side of Eighth street, $150; depreciation of the east lot lying contiguous to the north side of Eighth street, for which defendant should be charged $50. Plaintiff has suffered no special damages different from that common to all neighborhood property owners as to the said seven lots in said block 27, identified in the ninth paragraph of this special finding."

## CONCLUSIONS OF LAW.

"*First.* The plaintiff is entitled to recover of defendant the sum of $285, and the law is with plaintiff as to said sum.

"*Second.* As the seven lots lying north of those two which adjoin the north side of Eighth street do not abut Eighth street, plaintiff is not entitled to recover anything on account of their shrinkage in value.

"*Third.* As defendant's railroad does not run along Eighth street all the way upon that part in which plaintiff owns the fee, defendant is not wholly responsible for the entire shrinkage in value of that lot of plaintiff which lies adjoining the north side of Eighth street and fronts on Ewing street, but is liable for its due proportion only, to wit: $50, which sum is included in the sum set down in the first conclusion.

"*Fourth.* The court finds for Samuel H. Charlton, and finds the proceedings regular, and assesses his damages in the sum of $285, and the court concludes defendant should pay plaintiff said sum."

Each of the parties excepted to the conclusions of law, and assigns as error that the court erred in its conclusions of law on the special finding of facts.

The Evansville & Richmond Railroad Company v. Charlton.

What we have heretofore said disposes of the assignment of errors on behalf of the appellant, for the reason that the only objections urged by the counsel for the appellant are based upon the facts relied upon as creating an estoppel, as hereinbefore stated.

The cross-assignment of errors in behalf of the appellee is based on the second and third conclusions of law stated by the court.

It is urged by the counsel for the appellee that the court below erred in refusing to allow him three hundred and fifty dollars damages sustained by him on account of the seven lots not immediately touching the street on which the railroad is located, and, also, for the failure to allow him the full one hundred and fifty dollars damages sustained by him on account of the east lot abutting on the street.

Counsel for the appellee insist that the appellee was entitled to recover damages for the entire block mentioned in the finding, without reference to the location of the several lots, in which it had been subdivided, but has not cited any authority.

Counsel for the appellant has made no argument whatever on the subject.

The general rule in such cases is that the measure of damages is the actual value of the strip of land appropriated by the railroad company, together with just and fair compensation for any injury to the residue of the land from which it is taken, naturally resulting from the appropriation and construction of the road thereon. *Grand Rapids, etc., R. R. Co.* v. *Horn*, 41 Ind. 479; *Baltimore, etc., R. R. Co.* v. *Lansing*, 52 Ind. 229; *Montmorency, etc., Co.* v. *Stockton*, 43 Ind. 328; *White Water Valley R. R. Co.* v. *McClure*, 29 Ind. 536; Am. and Eng. Ency. of Law, vol. 6, p. 571, 573 *et seq.*

It has, also, been decided, where real estate consists of several lots, such fact, when said lots are improved and used as one property, does not deprive the owner of the

right to compensation for injury to the property as a whole. *Cummins* v. *Des Moines, etc., R. R. Co.*, 17 Am. and Eng. R. R. Cases, 86, and authorities cited in note.

The rule has not, however, in any case we have examined, been carried to the extent where the owner owns several different lots, under the circumstances stated in the finding in this case—a part of which abut on the street, and a part of which having no connection therewith, except in so far as they are contiguous to the lots which do abut on the street—that he is entitled to recover damages for the depreciation in value of the lots which do not abut on the street, on account of the location and construction of the railroad along the street.

On the contrary, we have reached the conclusion that the decisions in this State support the second conclusion of the court below. *Indiana, etc., R. W. Co.* v. *Eberle*, 110 Ind. 542; *Dwenger* v. *Chicago, etc., R. W. Co.*, 98 Ind. 153.

If the question sought to be raised by the objection urged on part of appellee to conclusion third was properly presented by a clear and definite finding, we have not determined what the result of our decision would be; but it is sufficient to say that, under the facts found by the court, it does not affirmatively appear that the appellee is entitled, on account of the construction of the railroad by the appellant, to recover anything on account of that lot in excess of the amount awarded by the court.

The language in one place in the finding implies that the construction of the railroad resulted in the depreciation in value of each lot abutting the street on the north, to the amount of one hundred and fifty dollars, but this, in connection with the further finding that defendant should only be charged with fifty dollars on account of the depreciation of this lot, when considered with reference to the fact that the railroad runs along that portion of the street, in which appellee owns the fee, only a part of the distance, and, in the absence of a more specific statement

of the facts in the finding, is not—under the well settled rule that the finding, when silent or doubtful, must be construed against the party having the burden—sufficient grounds for the reversal of the judgment of the court below. Elliott's Appellate Procedure, section 757.

The railroad is located south of the center of the street. The fee in that part of Eighth street in front of this lot, or at least a portion of it, is not owned by the appellee. No part of this lot, whether in or out of the street, was appropriated. It does not appear that any special or particular injury has been sustained as to this lot. The facts stated relating to this lot do not disclose "any damages peculiar to his property and different in kind from that which is suffered by the community in general." We can not say from the facts as found that any damages should be allowed in excess of the amount awarded by the court, and as to the amounts allowed by the court below, no question has been raised by the appellant.

Judgment affirmed.

Filed January 18, 1893.