# Terre Haute & Logansport Railway Company v. Indianapolis & Northwestern Traction Company.

[No. 20,880. Filed October 11, 1906.]

1. Eminent Domain. — *Interurban Railroads.* — *Procedure.*— *Statutes*—Section one of the act of 1903 (Acts 1903, p. 125, §5464a Burns 1905), providing particularly in reference to the crossing of steam railroads by interurban, suburban and street railroads, is supplemental to section five of the act of 1901 (Acts 1901, p. 461, §5468e Burns 1901), providing generally for condemnation proceedings by interurban and other similar railroads; and the two sections are to be construed as if they were parts of one act. p. 195.

2. Same.—*Awards.*—*Appeal from.*—*Exceptions.*—*Questions Presentable.*—*Procedure.*—Under §5468e Burns 1901, Acts 1901, p. 461, §5, providing for appeals from an award in condemnation proceedings, matters of law and fact may be set up in the exceptions to an award; and on a hearing in the circuit court the case is governed by the rules of procedure in civil cases where applicable. p. 196.

3. Appeal and Error.—*Interlocutory Orders.*—*Eminent Domain.* —*Interurban Railroads.* — *Railroads.* — *Crossings.* — Section 5464a Burns 1905, Acts 1903, p. 125, §1, giving a right of appeal from an order fixing the point of crossing of a steam railroad by an interurban railroad "in the same manner and under the same conditions and restrictions as provided by law in civil cases," does not suspend further proceedings in the

194   SUPREME COURT OF INDIANA,

Terre Haute, etc., R. Co. *v.* Indianapolis, etc., Co.—167 Ind. 193.

court below; and an appeal from such order is governed by §659 Burns 1901, §647 R. S. 1881, providing for appeals to the Supreme Court from interlocutory orders.   p. 196.

4.   JUDGMENT.—*Final.—What is.—Appeal and Error.*—A final judgment is one that disposes of the case as to all parties and ends the litigation; and, with certain exceptions, only such judgments may be appealed from.   p. 197.

5.   EMINENT DOMAIN.—*Interurban Railroads.—Awards.—Appeal. —Rights of Parties.*—Neither the filing of an instrument of appropriation nor the payment of an award, where an appeal is taken, gives the condemning company any title to the lands sought to be condemned, but during such appeal such company is a licensee by law, the proceeding remaining *in fieri* until the final disposition on appeal.   p. 198.

6.   JUDGMENT. — *Interlocutory.—Eminent   Domain.—Interurban Railroads.—Place of Crossing.*—An order of the circuit court under §5464a Burns 1905, Acts 1903, p. 125, §1, providing for the crossing of steam railroads by interurban railroads, fixing the location of the crossing, but not finally determining other issues in the case, is interlocutory.   p. 198.

7.   SAME.—*Final.—Eminent   Domain.—Interurban   Railroads.— Awards.—Appeal.—Exceptions.*—A judgment of the court on the exceptions to an award and which disposes of all questions presented is a final judgment from which an appeal will lie. p. 199.

8.   APPEAL AND ERROR.—*Interlocutory Orders.—Time for Taking Appeal.—Dismissal.*—An appeal, perfected June 21, 1905, from an interlocutory order entered June 25, 1904, is too late and will be dismissed.   p. 199.

From Montgomery Circuit Court; *Jere West,* Judge.

Condemnation proceedings by the Indianapolis & Northwestern Traction Company against the Terre Haute & Logansport Railway Company. From an interlocutory order for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Appeal dismissed.*

*John G. Williams, A. D. Thomas* and *M. E. Foley,* for appellant.

*Pierre Gray,* for appellee.

GILLETT, J.—Appellee, an interurban railroad company, instituted this proceeding against appellant, a steam railroad company, to obtain by condemnation the authority to cross at grade the right of way and tracks of the latter, at a point in Montgomery county. Appellant appeared to the proceeding, and filed objections to the proposed point of crossing. There was a hearing on said objections before the Montgomery Circuit Court, which resulted in an order, entered on June 25, 1904, fixing the point of crossing at the place proposed in appellee's instrument of appropriation. Appellant filed a motion for a new trial, which was overruled, and an exception was reserved. Such proceedings were afterwards had that appraisers were appointed, who returned an award of damages in favor of appellant, and, within the time allowed by law, the latter filed exceptions to the award. The record does not show whether there has been a final judgment on such exceptions. It appears that, after the overruling of its motion for a new trial, appellant prayed an appeal to the Appellate Court, which was in term granted, but no bond was given, and the transcript was not filed and errors assigned in the Appellate Court until June 21, 1905.

It is insisted by counsel for appellee that an appeal from an order fixing the point of crossing is an appeal from an interlocutory order, and that, as an appeal was not perfected by appellant as required by the statute governing appeals from such orders, a dismissal should follow.

The condemnation proceeding in question was had under section one of the act of March 3, 1903 (Acts 1903, p. 125, §5464a Burns 1905). This act, as directly appears 1. from its provisions, is supplementary to the act of March 11, 1901 (Acts 1901, p. 461, §5468a *et seq.* Burns 1901). The evident design of section one of the act of 1903 was to make more particular provision concerning interurban, suburban, and street railroads seeking to cross steam railroads at grade than had existed under section five

196     SUPREME COURT OF INDIANA,

Terre Haute, etc., R. Co. *v.* Indianapolis, etc., Co.—167 Ind. 193.

of the act of 1901, which related to the subject of condemnation by interurban and other railroads of like character of lands and rights and interests therein as against proprietors generally. In the main, the framework of the procedure as it now exists is found in the section last mentioned, and there is no doubt that said sections are to be considered as if they were one enactment.

The provision concerning the right of appeal from the award is given by the act of 1901 in substantially the same language as is found in the steam railroad condemnation statute (§5160 Burns 1901, §3907 R. S. 1881), and this, under well-settled rules of construction, gives the right to set up in the exceptions matters of both law and fact going to the regularity of the appropriation, the effect of the appeal being to lodge the proceeding in the trial court, where it is governed, at least for the most part, by the ordinary rules of procedure in civil actions. *McMahon* v. *Cincinnati, etc., R. Co.* (1854), 5 Ind. 413; *Swinney* v. *Ft. Wayne, etc., R. Co.* (1877), 59 Ind. 205; *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.* (1889), 116 Ind. 578; *Midland R. Co.* v. *Smith* (1890), 125 Ind. 509.

Section one of the act of 1903, *supra,* gives to the company whose right of way is sought to be crossed the right to file objections to the point of crossing, within five days after the delivery of the instrument of appropriation, and to have a hearing thereon, and from a decision of the court or judge adverse to its objections it may appeal "in the same manner and under the same conditions and restrictions as provided by law in civil cases." Such an appeal is different from that which is taken by exceptions to the award, and was evidently intended to bring into review before a court of error the law questions arising under the objections to the location. It is very plain that the act contemplates that the effect of such appeal shall not be to suspend the proceeding, and, as the

order is an intermediate one, we take it that it was the legislative intent that an appeal therefrom should be governed by the provisions of the code concerning appeals from interlocutory orders (§659 Burns 1901, §647 R. S. 1881), unless it can be said that the order is in legal effect a final judgment.

The general rule is that a judgment, to be final, must dispose of the case as to all of the parties, and finally dispose of the subject-matter of the litigation. *Champ* v. *Kendrick* (1892), 130 Ind. 545; *Home, etc., Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174; *Keller* v. *Jordon* (1897), 147 Ind. 113; 2 Ency. Pl. and Pr.; 72. Mr. Black says: "An interlocutory judgment is one which determines some preliminary or subordinate point or plea, or settles some step, question, or default arising in the progress of the cause, but does not adjudicate the ultimate rights of the parties or finally put the case out of court. * * * An order which does not settle and conclude the rights involved in the action, and does not deny to the party the means of further prosecuting or defending the suit, is not so far final as to be a proper subject of appeal." 1 Black, Judgments, §21. In Elliott, App. Proc., §83, it is said: "No order is final in such a sense as to constitute a final judgment unless it disposes of the main case so far as there is power in the trial court to decide upon the questions presented by the issues, no matter how clearly and decisively the order may indicate what the ultimate judgment will be. Until there is an ultimate judgment the case is not finally disposed of inasmuch as the trial court may change its rulings, award a *venire de novo,* grant a new trial, or make some such order, notwithstanding the fact that in other rulings it may have clearly manifested a purpose to carry its rulings into the ultimate ruling or decree." There are cases in which orders have been treated as final for the purpose of an appeal where the effect was to terminate the controversy, although some further order

essential to its enforcement remained to be made, or where the order disposed of some distinct branch of the suit. Cases like these sometimes present questions as to the character of the judgment which are difficult of solution, but they stand as exceptions to the general rule and need not now concern us, for we are persuaded that it is the general rule which governs this case.

It must be remembered that neither the filing of the instrument of appropriation nor the payment of the award into the clerk's office constitutes, in the event an appeal is taken, an appropriation of the interests sought to be condemned. In such a case no title vests, and the company which is seeking to condemn has only the rights of a licensee under the statute to hold possession and proceed with the construction of the road pending litigation. *Cleveland, etc., R. Co.* v. *Nowlin* (1904), 163 Ind. 497; *Sowers* v. *Cincinnati, etc., Railroad* (1904), 162 Ind. 676. The proceeding, after the filing of the exceptions to the award, continues *in fieri* until the disposition of the appeal (*Midland R. Co.* v. *Smith* [1890], 125 Ind. 509), and, in respect to regularity, is subject to defeat both on the law and on the facts. *McMahon* v. *Cincinnati, etc., R. Co., supra; Swinney* v. *Ft. Wayne, etc., R. Co., supra; Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co., supra.* It may be, since the proceeding is a special statutory one, that there is no right, on exceptions to the award, to re-litigate the question of location (*Morrison* v. *Indianapolis, etc., R. Co.* [1906], 166 Ind. 511; *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co., supra; Swinney* v. *Ft. Wayne, etc., R. Co., supra*); but it is sufficient to make the order fixing the point of crossing interlocutory, that the main case is not disposed of, and that there remains to the defendant the right to wage a contention which may overthrow the proceedings on which the order of location is based.

In such a proceeding there can, in the nature of things, be but one final judgment, using the term in the sense in which it is used in the general statute concerning the right of appeal, and that judgment is the one which disposes of the proceeding as it is pending on exceptions to the award. This was the conclusion reached by the Appellate Court in *Wabash R. Co.* v. *Cincinnati, etc., Railroad* (1902), 29 Ind. App. 546, wherein an appeal was sought to be prosecuted from an order fixing the point of crossing as between two steam railroads. While the statute with which we have to deal expressly gives the right of appeal from the order of location, yet this appeal was irregularly taken and must be dismissed, because appellant has failed to comply with the statute which governs the taking of appeals from interlocutory orders. §659 Burns 1901, §647 R. S. 1881; *Natcher* v. *Natcher* (1899), 153 Ind. 368; Elliott, App. Proc., §109; Ewbank's Manual, §92.

Appeal dismissed.