## KENT v. COWDIN.

[No. 22,998.    Filed December 20, 1917.    Rehearing denied
May 29, 1918.]

HIGHWAYS. — *Report of Viewers.* — *Correction and Amendment Pending Improvement.*—Where the improvement of a highway, under §§7714-7719 Burns 1914 (Acts 1905 p. 551, Acts 1913 p. 418), had been ordered and the contract let, the board of commissioners had power under a supplemental petition to amend and correct the original order, that it might express the true line of improvement established by the viewers, which had been inaccurately described through mistake of the person who prepared their report, since such proceedings remain *in fieri* until the improvement is completed and approved, and until then the record is subject to correction on proper showing. (*Plew* v. *Jones*, 165 Ind. 21, distinguished.)

From White Circuit Court; *James P. Wason*, Judge.

Proceeding by Laurie T. Kent to have certain improvements accepted by White county, to the acceptance of which Thomas Cowdin filed objections. From a judgment denying acceptance, the former appeals. *Reversed.*

*L. D. Carey, George F. Marvin* and *E. B. Sellers*, for appellant.

· *George W. Kassebaum, C. Robert Pollard, Addison K. Sills* and *Addison K. Sills,* Jr., for appellee.

SPENCER, C. J.—This proceeding has its origin in a petition filed by one Charles E. Gay and others before the board of commissioners of White county, asking for the improvement, by paving with crushed stone, of a certain existing public highway in that county. The proposed work was less than three miles in length and, in accordance with the provisions of §§7714-7719 Burns 1914 (Acts 1905 pp. 551-555 as amended, Acts 1913 p. 418), such further proceedings were had as resulted in an order of the board of commissioners establishing the proposed improvement in accordance with the report of the viewers and engineer. The contract for the construction of the road was subsequently let to appellant and provided, in part, that he should be allowed "to vary from the line of improvement described in the viewers' report, at a point where the said line runs into Spring Creek, a sufficient distance to avoid filling the creek; under the direction of the superintendent and engineer in charge of said work." During the progress of the work certain of the original petitioners filed with the board of commissioners a supplemental petition in which they alleged that, through mistake and inadvertence on the part of the person who prepared the report of the viewers, the report contained an inaccurate description of the line which had been staked for the proposed improvement and on which it was to be constructed. This petition further called attention to that portion of the contract which we have quoted above and set forth a correct description of the line of improvement, which, it is claimed, deviates from the description contained in the viewers' report only to the extent contemplated by the contract. The board of commissioners thereafter found the facts stated in this pe-

tition to be true and entered a supplemental order modifying and correcting their original order establishing the improvement by providing that the completion of said improvement on the corrected line, and in all other respects according to the plans and specifications first adopted, should be held to be a compliance with the contract between appellant and the board. Subsequently, the superintendent and engineer in charge of the improvement filed in the office of the auditor of White county their verified reports showing that the work had been completed according to the plans, plats, profiles and contract under which said improvement was let, "as the same have been modified, changed and corrected by the board of commissioners of White county, Indiana, since the establishment of said road." On objections filed, the board heard evidence and determined that the improvement had been properly completed. An appeal was taken to the White Circuit Court where the matter was tried *de novo* and an acceptance of the road there denied, on the evident theory that the board of commissioners had no power, under a supplemental petition, to correct the description of the line of improvement or to modify the plans for the proposed improvement after the same had been established and the contract let.

In support of the decision of the trial court, appellee relies on the rule that boards of commissioners have no power to change or annul final orders made in cases over which they have jurisdiction. *Plew* v. *Jones* (1905), 165 Ind. 21, 23, 74 N. E. 618. In this case, however, the action of the board did not amount to a material change or modification of the provisions contained in its original order, but served rather to amend and correct the same to the end that it should express the true line of improvement established. Proceedings such as the present remain *in fieri* until the improve-

ment is completed and approved, and until then the record is subject to correction on proper showing. *Midland R. Co.* v. *Smith* (1891), 125 Ind. 509, 510, 25 N. E. 153; *Steele* v. *Hanna* (1889), 117 Ind. 333, 336, 20 N. E. 237.

Our conclusion that the supplemental order entered by the board of commissioners is valid serves to dispose of the principal issues presented by the appeal, and renders unnecessary the consideration of certain other questions which may not arise on a retrial of the case.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 118 N. E. 127.