## Morris Plan Company of Terre Haute *v.* Stevens et al.

[No. 15,318. Filed May 14, 1936.]

*Mann, Cauble & Mann,* for appellant.

*Paul R. Schafer* and *Roscoe O. Pogue,* for appellees.

KIME, P. J.—This was an action by the appellant against the appellees and James A. F. Martin to recover upon a promissory note. The complaint was in one paragraph which appellee Pogue answered in six paragraphs—the first of which was a general denial and the sixth was a plea of *non est factum.* The briefs do not disclose what the four additional paragraphs of answer alleged. To all these paragraphs of answer there was a reply in general denial. The appellee Stevens was defaulted. As to James A. F. Martin this cause was dismissed by plaintiff. Trial was had by the court, who entered an order and judgment, a pertinent part of which is as follows: ". . . The court now hears the evidence and arguments of both parties. The evidence is concluded and the plaintiff rests. Comes now the de-

fendant by counsel, and moves the court for judgment, which motion the court sustains, to which ruling and opinion of the court the plaintiff at the time excepts.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff take nothing by its action against the defendant, on its complaint, and that plaintiff pay the said defendant's costs and charges laid out and expended in this cause taxed at $———."

The overruling of appellant's motion for new trial is assigned as error here.

After dismissing this cause as to James A. F. Martin there remained two defendants, Stevens and Pogue. The judgment of the court, as above set out, does not disclose that there is a final judgment as to said defendants, Stevens and Pogue. Even after default said Stevens still remained a defendant. There is nothing in the judgment to indicate for which defendant the court found or why there was no final judgment against the other defendant. Since there is no disposition of the issues as to both of the defendants there is no final judgment from which an appeal can be had. *St. Joseph Township, Allen County, Indiana, et al.* v. *Bernardin et al.* (1936), 101 Ind. App. 361, 199 N. E. 433; *Smith* v. *Graves* (1915), 59 Ind. App. 55, 108 N. E. 168; *Terre Haute & L. R. Co.* v. *Indianapolis & N. W. Traction Co.* (1906), 167 Ind. 193, 78 N. E. 661; *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 79 N. E. 1087.

This appeal is dismissed inasmuch as this court does not have jurisdiction.