THE METROPOLITAN BOARD OF ZONING APPEALS OF MARION COUNTY (DIVISION III) AND LIEBERT I. MOSSLER, JEREMIAH E. MURPHY, JR., THOMAS N. SWIFT, JOHN F. WHITE, FATHER L. VOLKER, AS MEMBERS OF RESPONDENT BOARD OF APPEALS AND DON D. FISHER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE 1ST CHURCH OF CHRIST SCIENTIST v. SHEEHAN CONSTRUCTION CO.

[No. 2-173A4. Filed June 25, 1974. Rehearing denied July 30, 1974. Transfer denied January 7, 1975.]

*Gary R. Landau,* Corporation Counsel, *David F. Rees,* Deputy Corporation Counsel, of Indianapolis, for appellants.

*William F. LeMond, Stephen B. Caplin,* of Indianapolis, for appellee.

## I.
## STATEMENT ON THE APPEAL

STATON, J.—Sheehan Construction Company's petition for a variance from an R-1 zoning, single family residential, was denied by the Metropolitan Board of Zoning Appeals. The variance sought to construct a neighborhood convenience shopping facility at 3401-3405 East 38th Street in Indianapolis, Indiana. Sheehan petitioned the Marion County Superior Court for a judicial review of the Board's denial.[1] It contended that the Board's denial of the variance so restricted the beneficial use of its property that the denial constituted a taking without just compensation in violation of Article 1, § 21 and § 23 of the Indiana Constitution as well as the Fifth and Fourteenth Amendments of the United States Constitution. The Marion County Superior Court reversed the Board's denial of the variance. The Board's appeal to this Court raises two issues:

ISSUE ONE:   Did the trial court go beyond the permissible scope of judicial review in reversing the decision of the Board?

ISSUE TWO:   Was the trial court's judgment which found an unconstitutional application of the zoning restrictions contrary to the evidence?

Our opinion concludes that the trial court did not rely upon a judicial review of the statutory determinates, but upon

---

1. See IC 1971, 18-7-2-76; Ind. Ann. Stat. § 53-974 (Burns Supp. 1973).

the unconstitutional application of the zoning restrictions to the particular piece of property being considered; there was sufficient evidence to support the trial court's findings. We affirm.

## II.

## STATEMENT OF THE FACTS

Sheehan Construction Company petitioned the Metropolitan Board of Zoning Appeals of Marion County for a variance of the use, setback and yard requirements that prohibited the construction of a neighborhood convenience shopping facility on the four parcels of realty owned by it at 3401-3405 East 38th Street in Indianapolis. The Sheehan Construction Company property consisted of four lots, three of which were vacant. A fourth lot included a delapidated two story frame house. The property was zoned R-1, single family residential.

A hearing on the petition was held before the Board on September 28, 1971. Sheehan Construction Company presented evidence concerning the present status of the area surrounding their property and the proposed improvement. Sheehan Construction Company asserted that its property was no longer suited for the designated use of single family residential housing. Pictorial exhibits and historical sales data were presented to depict the changed character of the area and the numerous exceptions presently existing to the designated zoning restriction. Sheehan's presentation to the Board was directed at establishing that the enforcement of the present zoning restrictions would result in an unconstitutional application of the ordinance to its property.

A representative of a neighboring church appeared as a remonstrator and stated that the shopping facility was not necessary. A representative of the Division of Planning and Zoning of the Metropolitan Development Commission contributed most of the opposition to the variance. The representative indicated that although the Commissioner recognized the expanding commercial development along 38th

Street, its position was that the property in question should be maintained in a residential or office use as a "buffer" between that commercial development and existing residential areas, with foreseeable exceptions for some "unique" locations. In further testimony elicited by a Commission attorney, the representative described the manner in which Sheehan Construction Company's petition for a use variance failed to satisfy the necessary prerequisites delineated in the appropriate statute. See IC 1971, 18-7-2-71; Ind. Ann. Stat. § 53-969 (Burns 1973 Supp.). The Commission representative suggested that Sheehan Construction Company's remedy would more appropriately be an effort to have the area rezoned.[2]

The Board denied the requested variance by a vote of four to one. The Marion County Superior Court reversed the Board's decision. The Board's appeal from this judgment raises the issues set out below for our consideration.

## III.
### STATEMENT OF THE ISSUES

These two issues are considered and discussed in our "Statement on the Law" below:

ISSUE ONE: Did the trial court go beyond the permissible scope of judicial review in reversing the decision of the Board?

ISSUE TWO: Was the trial court's judgment finding an unconstitutional application of the zoning restrictions to Sheehan Construction Company's property contrary to the evidence?

The trial court did not rely upon statutory guidelines in its review or in its judgment. Issue One has no determinative application for the purposes of this appeal. Issue One is dealt with summarily to illustrate its inapplicability. Issue Two is applicable and determinative of this appeal.

2. See IC 1971, 18-7-2-46; Ind. Ann. Stat. § 53-946 (Burns Supp. 1973). The City-County Council for Marion County has deferred consideration of rezoning the Sheehan Construction Company property until the disposition of this appeal.

## IV.
## STATEMENT ON THE LAW

ISSUE ONE: Court's Scope of Review.

The Metropolitan Board of Zoning Appeals contends that the trial court exceeded the permissible scope of judicial review. The thrust of the Board's argument centers upon statutory guidelines—that a trial court may reverse the denial of a variance only after finding that the five statutory prerequisites prescribed by IC 1971, 18-7-2-71, *supra,* have been satisfied. Although this is a statutory expression of judicial review where a variance has been denied, it does not signify an absolute limitation on judicial review. There are other grounds upon which a judicial review may be made. The reader should be aware that separate and different zoning statutes cover first class cities.[3] Only Indianapolis-Marion County presently falls within these provisions.[4] The trial court's review and judgment was not based upon this standard of review.[5] In his conclusory remarks before the Board, Sheehan's counsel underscored his sole position for the variance:

---

3. Marion County and the City of Indianapolis are distinguishable from the remainder of Indiana. IC 1971, 18-7-2-1 through 18-7-2-89; Ind. Ann. Stat. § 53-901 through 53-985 (Burns Supp. 1973) govern the planning and zoning functions in counties of Indiana containing a first class city. To date, only Marion County—Indianapolis falls within the ambit of that enactment.

4. For the planning and zoning procedures governing the remaining portion of Indiana, see IC 1971, 18-7-5-1, et seq.; Ind. Ann. Stat. § 53-701, et seq. (Burns 1964) and IC 1971, 18-7-4-1 et seq.; Ind. Ann. Stat. § 53-1001 et seq. (Burns 1964).

5. The permissible review of Board decisions by the trial court varies with the initial disposition of a variance petition by the Board. Where a variance has been granted, the trial court must affirm that decision of the Board if it finds substantial evidence of probative value upon which the Board could have relied in finding the five statutory prerequisites. IC 1971, 18-7-2-71, *supra,* provides that a Board of Zoning Appeals is authorized to grant a use variance from an applicable zoning ordinance upon the determination in writing that:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.
"2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.
"3. The need for the variance arises from some condition peculiar to

"In conclusion, I wish to emphasize that the evidence in this case, . . . will demonstrate and has demonstrated that the continued imposition of a D-5 single-family residential zoning restriction on this land deprives this land of all substantial beneficial use, and the Ordinance and its application to this land is unconstitutional."

Again, upon making its judicial review, the trial court concluded in its judgment:

"That an ordinance which permanently so restricts the use of property that it cannot be used for any reasonable purpose as presented under the facts of this case goes beyond regulation and constitutes a taking of the property in violation of Sections 21 and 23 of Article 1 of the Constitution of the State of Indiana and the 5th and 14th amendments to the Constitution of the United States of America."

The Board's contention is founded upon statutory guidelines while Sheehan's position and the trial court's judgment is clearly founded upon constitutional guidelines. Little can be gained from trying to make a hat fit and serve as a shoe. No purpose can be served by discussing an inapplicable contention. We find the Board's first contention of error under Issue One without merit.

ISSUE TWO: Unconstitutional Taking

Zoning is a proper exercise of the police powers of the State. *Village of Euclid, Ohio* v. *Ambler Realty Co.* (1926),

---

the property involved and such condition is not due to the general conditions of the neighborhood.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

"5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931—53-937] of this chapter."

The test is significantly different where a variance has been denied as in the present case. Here, the trial court can reverse the decision of the Board only if it finds that the five statutory prerequisites have been unequivocally established as a matter of law, giving wide construction to the total evidence and resolving every doubt in favor of the Board's decision. See *Metropolitan Bd. of Zoning Appeals of Marion Cty., Second Div.* v. *Rumple* (1973), 261 Ind. 214, 301 N.E.2d 359; *Kunz* v. *Waterman* (1972), 258 Ind. 573, 283 N.E.2d 371; *Speedway Bd. of Zoning Appeals of Marion Cty.* v. *Standard Concrete Materials, Inc.* (1971), 150 Ind. App. 363, 276 N.E.2d 589; *Metropolitan Bd. of Zoning Appeals of Marion Cty.* v. *Standard Life Ins. Co.* (1969), 145 Ind. App. 363, 251 N.E.2d 60.

272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303; *Town of Homecroft* v. *Macbeth* (1958), 238 Ind. 57, 148 N.E. 2d 563 and *Metropolitan Bd. of Zoning Appeals of Marion County* v. *Gateway Corp.* (1971), 256 Ind. 326; 268 N.E.2d 736. This exercise of police power may result in a confiscation or taking of one's property without just compensation and in violation of the Indiana and United States Constitutions. Not every zoning burden placed upon private property constitutes a confiscation or taking. *Chicago, Burlington, Quincy Ry. Co.* v. *Illinois* (1906), 200 U.S. 561, 584, 26 S.Ct. 341, 50 L.Ed. 596. A distinction must also be drawn between an assertion that a parcel of property is not zoned for its best and most profitable use and a finding that the present zoning restriction results in a deprivation of one's property rights;—only the latter is confiscatory. 1 METZENBAUM, THE LAW OF ZONING at 129, 132 (2nd ed. 1955). A reduction in the value of a parcel of realty caused by the imposition of a zoning restriction is *only one consideration* in determining whether an unconstitutional confiscation has occurred. 1 RATHOPF, THE LAW OF ZONING AND PLANNING § 6-5 (3rd ed. 1972).[6]

When reviewing the judgment of the trial court, this Court will not weigh the evidence but will look only to that evidence and the reasonable inferences therefrom which support the judgment. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669. The trial court's judgment will be set aside only in instances where the evidence is without conflict and can lead to but one result and the trial court in its judgment has reached an opposite conclusion. *Wilson* v. *Jerry Miller, Inc.* (1973), 157 Ind. App. 135, 299 N.E.2d 177. When the trial court has made special

---

6. It should be noted, however, that when a zoning restriction results in an extensive decrease in the value of property with only slight public benefit in comparison, there will be a confiscation. See 1 RATHHOPF, THE LAW OF ZONING AND PLANNING § 6-6 (1973 Supp.). For an extensive treatment of the constitutional considerations in zoning, see *Andress* v. *Zoning Bd. of Adjustment of the City of Philadelphia* (1963), 410 Pa. 77, 188 A.2d 709, 712, et seq.

findings, as it was required to do here, we must affirm the judgment unless we are satisfied that those findings are clearly erroneous. Indiana Rules of Procedure, Trial Rule 52(A); *First National Bank of Mishawaka* v. *Kamm* (1972), 152 Ind. App. 353, 283 N.E.2d 563; *Citizens Gas & Coke Utility Co.* v. *Wells* (1971), 150 Ind. App. 78, 275 N.E.2d 323.

The record of the September 28, 1971 hearing before the Board represents the entire evidence considered by the trial court in its reversal of the Board's denial of Sheehan's variance. Viewing the evidence in the light most favorable to the trial court's judgment, the record of that proceeding reveals the following description of the area by Sheehan's counsel:

". . . From Olney here going east to Sherman Drive over here (indicating) on the south side of this street there is not one residential use between Olney and Sherman Drive. "Next door to us is a TV repair, office building, gas station, gas station, grocery and the Diversified Commercial here at the intersection. . . . Now, all of these commercial uses, with the exception of the intersection of 38th and Sherman . . . were granted by Boards of Zoning Appeals or by the Courts because of the continued imposition of single-family residential zoning on this ground.

\* \* \*

". . . We are the only property on the south side of 38th Street from Olney here to Sherman Drive that is not presently an existing business use."

Sheehan's counsel further explained to the Board that the suggested permissive use of allowing the conversion of single family dwellings to professional office buildings did not provide a viable alternative for the Sheehan property; their property was not physically adapted for such use, and no demand existed for additional professional office space. Sheehan's counsel noted that neither the Comprehensive Plan nor the supposed agreement previously struck between the Board and the Metropolitan Plan Commission concerning the development of the area had been honored. Pictorial exhibits were presented to depict the commercial development occurring

within the area. Sales data was introduced showing that ten of the twelve sales of homes in the area since 1965 had been for commercial rather than residential use. Neither remonstrator directly contradicted the contention that the Sheehan property was no longer suitable for single family residential use.

This evidence was before the trial court. Sheehan's four lots, three vacant and one occupied by a delapidated wooden frame house, are located in a heavily commercialized area which is zoned R-1, single family residential. The development of the area through the granting of numerous variances has resulted in distorting the restrictive zoning classification profile. It has ceased to project an image of any meaningful purpose which is directly related to the public welfare. This meaningless, useless and distorted zoning profile, which denies any reasonable use to the property owner, is an unconstitutional deprivation of property not unlike that found in *Town of Homecroft* v. *Macbeth* and *Metropolitan Board of Zoning Appeals of Marion County* v. *Gateway Corp., supra.* Our Indiana Supreme Court reasoned in *Town of Homecroft* v. *Macbeth, supra,* 238 Ind. 68, in an opinion written for the Court by Judge Emmert that:

> "We are not dealing with a situation where an owner seeks a variance in a secluded and quiet section of a town. It is beyond the power of any zoning ordinance to turn this area for some distance east of Madison Avenue into a secluded and desirable residential district; . . ."

The same reasoning applies to the case before us. The commercial proliferation of this area by the granting of variances has so changed its character that the zoning restrictions placed upon it are no longer realistic or meaningful. The enforcement of such restrictions can only result in the deprivation of property to those choosing a different use not incongruous to the surroundings.

There is sufficient evidence to support the trial court's finding. Its judgment should be affirmed.

## V.
## DECISION OF THE COURT

The evidence available for review by the trial court supports its judgment that the denial of Sheehan's petition for a variance constituted a taking of the Sheehan property in violation of Sections 21 and 23 of Article 1 of the Constitution of the State of Indiana and the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 313 N.E.2d 78.