**TAYLOR–CHALMERS, INC., Lyman C. Taylor, and Frances Newberry, Appellant (Plaintiffs Below),**

v.

**BOARD OF COMMISSIONERS OF LaPORTE COUNTY, Indiana, Appellee (Defendants Below).**

No. 3–384A82.

Court of Appeals of Indiana, Third District.

Feb. 21, 1985.

Rehearing Denied April 25, 1985.

Patrick E. Donoghue, Sweeney, Dabagia, Donoghue & Thorne, Michigan City, for appellant.

Donald E. Baugher, Jr., Raelson, Osborn, Roule, Baugher & Hedge, LaPorte, for appellee.

STATON, Presiding Judge.

Taylor-Chalmers, Inc. (Taylor-Chalmers), appeals from a summary judgment granted in favor of the Board of Commissioners of LaPorte County, Indiana (Board), in an inverse condemnation proceeding.

Affirmed.

■ Our standard of review of summary judgment is well settled. Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). A genuine issue exists if the trial court would be required to resolve disputed facts, but in order to preclude summary judgment, the conflicting facts must be decisive to the action or to a relevant secondary issue. *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184, 1186.

The facts in this case are not in dispute. The Board rezoned property abutting that of Taylor-Chalmers' so that a sanitary landfill could be built on the rezoned property. Taylor-Chalmers filed an action in inverse condemnation alleging that the Board's action was a compensable "taking" in that Taylor-Chalmers had lost the "highest and best use" of its land. After taking depositions and receiving answers to interrogatories, the Board moved for summary judgment. The Board argued that the loss of "highest and best use" was not a compensable interest. The trial court agreed and granted the Board's motion.

"The test for a taking of property has been stated as follows:

'It therefore follows that either some physical part of the real estate must be taken from the owner or lessor, or some substantial right attached to the use of the real estate taken before any basis for compensable damage may be obtained by an owner of real estate in an eminent domain proceeding. It must be special and peculiar to the real estate and not some general inconvenience suffered alike by the public.' *State v. Jordan* (1966), 247 Ind. 361, 368, 215 N.E.2d 32, 35. *See also Schuh v. State* (1968), 251 Ind. 403, 241 N.E.2d 362; *State v. Stefaniak* (1968), 250 Ind. 631, 238 N.E.2d 451." *City of Gary, etc. v. Ruberto* (1976), 171 Ind.App. 1, 5, 6, 354 N.E.2d 786, 789. Taylor-Chalmers admits there has been no physical invasion of its property. Taylor-Chalmers also admits no nuisance has been created. Taylor-Chalmers' sole allegation is that a "taking" has occurred because the value of its land has been reduced from that of "commercial or accomodation business" to "light industrial or agricultural," i.e., that it has lost the "highest and best use" of its land.

In situations involving government controls on the use of property our courts have consistently held a "taking" will be found only where all reasonable uses of the property are prevented. *City of Anderson v. Associated Furniture, etc.* (1981), Ind., 423 N.E.2d 293, 296; *Foreman v. State ex rel. Dep't of Natural Resources* (1979), 180 Ind.App. 94, 102, 387 N.E.2d 455, 461; *City of Evansville v. Reis Tire Sales, Inc.* (1975), 165 Ind.App. 638, 641, 333 N.E.2d 800, 802. In such cases this Court has held that a distinction must be drawn between an assertion that a parcel of property cannot be used for its best and most profitable use and a situation where an owner has been deprived of his property rights—only the latter is confiscatory. *Metropolitan Bd. of Zoning App. v. Sheehan Const. Co.* (1974), 160 Ind.App. 520, 526, 313 N.E.2d 78, 82.

In "taking" cases, the reasonable use of the property has been substantially altered or destroyed. The government's action has rezoned the property so that its present use must be discontinued. *Schuh v. State* (1968), 251 Ind. 403, 241 N.E.2d 362 (government's appropriation of right of way for widening of a highway placed property in violation of local zoning ordinance so that a building on the property had to be razed.) The property has been

made subject to greater zoning restrictions on its use. *State v. Stefaniak* (1968), 250 Ind. 631, 238 N.E.2d 451 (change of grade and highway put homeowner's house closer to highway than allowed by local zoning ordinance so that new restrictions were placed on the development of the property). The property has been made economically and practically unfit for any of its zoned uses and must be rezoned to be used. *City of Anderson v. Associated Furniture, etc., supra; City of Evansville v. Reis Tire Sales, Inc., supra; Metropolitan Bd. of Zoning App. v. Sheehan Const. Co., supra.*

In our case, Taylor-Chalmers alleges that by destroying the "highest and best use" of the property, the Board has substantially interfered with Taylor-Chalmers' right of alienation. Taylor-Chalmers has not shown this by the evidence. There is no evidence that the property is now under greater zoning restrictions, or that it must be rezoned to be used.[1] There is no evidence that the property cannot be sold for its remaining zoned uses, or indeed for the zoned use of "commercial or accomodation business." In addition, Taylor-Chalmers has presented no evidence to show that the injury to the property is not incidental or inconsequential, i.e., peculiar to the property and not suffered in common with the general public. *State v. Stefaniak, supra* at 637, 638, 238 N.E.2d at 455; *City of Gary, etc. v. Ruberto, supra.*

When reviewing a grant or denial of summary judgment we construe the evidence in the light most favorable to the non-moving party. *Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d 677, 678. In the present case there is no evidence to construe in Taylor-Chalmers' favor. Taylor-Chalmers does not provide any evidence to support its claim. We therefore affirm the trial court in its grant of summary judgment in favor of the Board.

Affirmed.

GARRARD, J., concurs with opinion.

HOFFMAN, J., concurs in result with opinion.

GARRARD, Judge, concurring.

The county authorized and commenced operation of a sanitary landfill upon a tract of land adjacent to that owned by appellants (Taylor-Chalmers). It is undisputed that (1) the county was legally entitled to operate a landfill upon that location; (2) the county took no land belonging to Taylor-Chalmers; and (3) the operation of the landfill has created no nuisance affecting the ownership interests of Taylor-Chalmers.

Taylor-Chalmers instituted this action for inverse condemnation[1] alleging that the mere action of locating a sanitary landfill next to its property reduced the highest and best[2] use to which its tract of land might be put and, thus, constituted a taking without just compensation.[3]

The traditional view, acknowledged by several Indiana decisions, is that there is to

---

**1.** The evidence on the record demonstrates that Taylor-Chalmers' property was zoned for industrial use.

**1.** *See* IC 32–11–1–12.

**2.** "Highest and best use" is a familiar benchmark in eminent domain law, and is most commonly used to recognize that an owner may not at the time of an appropriation be using his property for the most valuable use to which it is then naturally adapted. *See State v. Hamer* (1936), 211 Ind. 570, 199 N.E. 589. While the owner is entitled to compensation for property taken on the basis of its "highest and best use," it should be borne in mind that this refers to a conclusion based upon opinion, not a fact in the

objective sense. Thus in fixing value the law only required that the factfinder be permitted to *consider* uses to which the land may be adapted but for which it has not actually been used. *Indiana & Michigan Electric Co. v. Hurm* (1981), Ind.App., 422 N.E.2d 371. What is actually at issue is simply the fair market value of the land or interest.

**3.** While appellants in their brief rely solely upon article 1, section 21 of the Indiana Constitution, the fifth amendment of the Constitution of the United States, made applicable to the states through the fourteenth amendment, applies as well. *See, e.g., Webb's Fabulous Pharmacies, Inc. v. Beckwith* (1980), 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358.

"taking" in the constitutional sense with respect to owners of real estate who have no portion of their tract of land (whether for fee, easement, or temporary right-of-way) taken by the governmental action; they merely are near to or adjoin the government project. *Weldon v. State* (1972), 258 Ind. 143, 279 N.E.2d 554; *Glendenning v. Stahley* (1910), 173 Ind. 674, 91 N.E. 234; *Merchants Mut. Tel. Co. v. Hirschman* (1909), 43 Ind.App. 283, 87 N.E. 238; *Evansville & R.R. Co. v. Charlton* (1893), 6 Ind.App. 56, 33 N.E. 129. *Compare*, however, *State v. Stefaniak, supra.*

Similarly, the traditional view, also espoused in Indiana, has been that acts done in the proper exercise of governmental powers requiring adherence to regulations and statutes which promote order, safety, health and general welfare do not amount to a taking within the contemplation of the fifth amendment or article 1, section 21 of the Indiana Constitution. *State v. Ensley* (1960), 240 Ind. 472, 164 N.E.2d 342, 346; *Foreman v. State ex rel. Dept. of Natural Resources* (1979), 180 Ind.App. 94, 387 N.E.2d 455; *City of Gary v. Ruberto* (1976), 171 Ind.App. 1, 354 N.E.2d 786.

There is, however, the so-called modern view which points toward a recognition of compensable intrusions beyond those recognized in the classic eminent domain proceeding. This view appears largely traceable to the Supreme Court's 1946 decision in *United States v. Causby* (1946), 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206.

In *Causby* the plaintiffs' chicken raising business had been destroyed and their enjoyment of their residence impaired due to the frequent and regular flights of army and navy aircraft at low altitude over their property. The federal government had leased the nearby airport outside Greensboro, North Carolina for military use because of World War II, and the landing and takeoff pattern passed aircraft over plaintiffs' property at a height of about 83 feet. Although it reversed the decision of the Court of Claims due to inadequate findings, the majority opinion agreed with the Court

of Claims' determination that there was a sufficient direct invasion of plaintiffs' domain to constitute a "taking" within the constitutional sense.

While *Causby* has sometimes been characterized as a "right to airspace" case, the majority opinion stresses that proper concern is for "the owner's loss, not the taker's gain" and that the government's "intrusion" was so immediate and direct as to subtract from the owner's full enjoyment of his property and limit his exploitation of his ownership rights. *Compare, e.g., Penn Central Transp. Co. v. City of New York* (1978), 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631.

As the Court subsequently stated in *Agins v. City of Tiburon* (1980), 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106:

"The determination that governmental action constitutes a taking is, in essence, a determination that the public at large, rather than a single owner, must bear the burden of an exercise of state power in the public interest."

Thus, the determination is one involving a balancing of interests and accordingly depends largely upon the particular circumstances of a given case rather than some set formula. *Penn Central Transp. Co., supra*, 438 U.S. at 125, 98 S.Ct. at 2659. However, in cases involving government's regulation of the use of private property (largely through zoning ordinances) the Court has determined that the two most pertinent inquiries to be made are whether the regulation substantially advances legitimate state interests or whether it denies an owner economically viable use of his land. *Agins, supra*, 447 U.S. at 261, 100 S.Ct. at 2141. Concerning the latter inquiry the Court in *Penn Central Transp. Co., supra*, concluded that no taking occurred merely because government prohibited "the most beneficial use of the property," 438 U.S. at 125, 98 S.Ct. at 2660, recognized a distinction between existing and merely prospective uses, and held that where the landowners were still able to obtain a "reasonable return" on their in-

vestment within the operation of the regulation (the City of New York's Landmarks Preservation Law) the regulation constituted no taking, 438 U.S. at 137, 98 S.Ct. at 2665.[4]

While no Indiana decisions have yet adopted the view that government regulation of use, as by planning or zoning, may constitute a taking in the constitutional sense, both the result and the language employed by our Supreme Court in *Stefaniak, supra,* evidence some departure from the traditional view. There, the court held that a question for the jury existed although the state had not taken any of the claimants' land, stating: [5]

"A taking in eminent domain, by the modern prevailing view, includes substantial interference with private property which destroys or impairs one's free use and enjoyment of the property, or one's rights and interests in the property."

238 N.E.2d at 454 (citations omitted).

It is not now necessary to determine the extent of the departure from the traditional view signalled by *Stefaniak.* In the case before us there is admittedly no government regulation of the use to which Taylor-Chalmers may put its land which is pertinent to the complaint, nor has there been any physical intrusion on, under or over the land owned by Taylor-Chalmers. Furthermore, again by admission, the only "taking" asserted is the loss of "highest and best use," and that use was not what the land was actually being used for at the time in question.[6]

Although I am inclined to believe that standing alone neither the mere location of the landfill nor the loss of highest and best use could as a matter of law constitute a sufficient interference to amount to a "taking," it would be error to dissect the total circumstances in that fashion. *Penn Central Transp. Co., supra.* The total circumstances allege no more than government's lawful use of adjacent land which affected for these appellants only the supposed highest and best use to which their land might he put. I find that as a matter of law under such circumstances there is no taking in the constitutional sense.

Accordingly, I concur.

HOFFMAN, Judge, concurring.

I concur in the result reached by the majority. The Board is clearly entitled to judgment *as a matter of law.*

Generally, summary judgment is proper where there exists no material issue of fact; the inferences arising from the facts are not subject to disagreement; and the moving party is otherwise entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56. Contrary to the majority's statement that "Taylor-Chalmers does not provide any evidence to support its claim," Taylor-Chalmers has forwarded a great number of significant facts. Specifically, there are facts indicating that Taylor-Chalmers' right to alienate its property has been impaired, and that the market value of its property may have decreased. However, these facts are undisputed and accepted by the Board. The courts have consistently held that where the facts are undisputed, summary judgment is an appropriate vehicle to declare whether or not a taking has occurred. *See, City of Anderson v. Associated Furni-*

4. "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law." *Pennsylvania Coal Co. v. Mahon* (1922), 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322, quoted with approval in *Penn Central Transp. Co.,* 438 U.S. at 125, 98 S.Ct. at 2659.

5. The state's action in compensating for the construction of a highway bypass caused plaintiffs' lot to become a corner lot thereby subjecting it to several zoning restrictions from which it had previously been free. In addition, a new limited access fence caused drifts of snow to accumulate to a depth of three to four feet blocking plaintiffs' egress from their driveway, a problem was created through the construction of a drainage ditch, and plaintiffs suffered a loss of privacy in their back yard.

6. It appears that a potential sale of the property to a commercial developer was lost when the landfill was created.

*ture, etc.* (1981), Ind., 423 N.E.2d 293; *Sayre v. City of Cleveland* (6th Cir.1974) 493 F.2d 64.

The trial court was not left to determine whether a material issue of fact exists. Although takings cases may be extremely fact sensitive, the ultimate application of constitutional provisions to an established set of facts involves a pure question of law. The Supreme Court of Indiana has held that certain restrictions on the use of property establish an unconstitutional taking as a matter of law. *Ailes v. Decatur County Area Planning Com'n* (1983), Ind., 448 N.E.2d 1057; *Schuh v. State* (1968), 251 Ind. 403, 241 N.E.2d 362.

I believe that the uncontested facts of this case entitle the Board to summary judgment as a matter of law. In Indiana, a compensable taking of property is defined as follows:

"What is a 'taking' of property within the constitutional provision is not always clear, but so far as general rules are permissible of declaration on the subject, it may be said that there is a taking where the act involves an actual interference with, or disturbance of property rights, which are not merely consequential, or incidental injuries to property or property rights, as distinguished from prohibition of use, or enjoyment or destruction of interests in property." (Citations omitted.) *School Town of Andrews v. Heiney* (1912), 178 Ind. 1, at 7, 98 N.E. 628, at 630; *I & M Elec. Co. v. Stevenson et al.* (1977), 173 Ind.App. 329, 363 N.E.2d 1254.

The property in question has not been rezoned, nor is Taylor-Chalmers prohibited from developing this tract for any purpose permitted under existing zoning regulations. Taylor-Chalmers' only assertion is that the rezoning of neighboring real estate has decreased the "highest and best" market value of its property. Mere diminution in property value, standing alone does not establish a taking. *Penn Central Transp. Co. v. New York City* (1978), 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631; *Euclid v. Ambler Co.* (1926), 272 U.S. 365,

47 S.Ct. 114, 71 L.Ed. 303. Furthermore, the injury alleged by Taylor-Chalmers in light of the undisputed facts is too indirect and speculative in nature to establish a taking. The trial court properly applied the law to these facts, and in such a case the Board was entitled to summary judgment as a matter of law.