James B. YOUNG, Appellant,

v.

CITY OF FRANKLIN, Indiana, and
The Common Council of the City
of Franklin, Indiana, Appellees.

No. 685S254.

Supreme Court of Indiana.

June 27, 1986.

Stephen L. Huddleston, Franklin, James F.T. Sargent, Greenwood, for appellant.

Robert W. Young, Roger Young, Young Gholston & Young, Franklin, for appellees.

GIVAN, Chief Justice.

Appellant is the owner of fifty (50) acres of real property located in Franklin, Indiana. The land is currently zoned by the City of Franklin for B–4 or limited business use. The undeveloped portion of the property is earning approximately $5,000 per year as farmland. Appellant petitioned the Franklin City Plan Commission to rezone 37.6 acres of his land to R–5, which would permit the development of single-family dwellings. The Plan Commission approved appellant's petition and referred it to the Common Council of the City of Franklin. The Common Council refused to adopt the recommendation of the Plan Commission to rezone appellant's property. Appellant thereafter brought suit against the Common Council and the City of Franklin claiming that the Council's refusal to rezone his land constituted a taking of his property without due process of law. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of the City of Franklin and appellant appealed.

■ Appellant contends the trial court erred by granting summary judgment for the City of Franklin because a genuine issue of material fact exists as to whether the present zoning deprives appellant of all reasonable use of his property; however, in his own motion for summary judgment, appellant stated there was "no genuine issue as to any material fact." It is true as cited by appellant that the trial court is required to consider each motion separately construing the facts most favorably to the non-moving party in each instance. *Garden and Turf Supply Corporation v. Strange* (1982), Ind.App., 440 N.E.2d 710. However, in the case at bar there are no genuine issues of material fact in dispute. The disagreements between the parties are as to the conclusions to be drawn from the agreed facts.

■ Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party establishes that he is entitled to judgment as a matter of law. Ind.R.Tr.P. 56(C); *Liebner v. Dobson* (1985), Ind.App., 474 N.E.2d 1039. Summary judgment should not be used as an abbreviated trial. *Suyemasa v. Myers* (1981), Ind.App., 420 N.E.2d 1334. Rather, it is a procedure for applying the law to the facts when no factual controversy exists. *Lee v. Weston* (1980), Ind.App., 402 N.E.2d 23.

■ When there is a claim of an unconstitutional taking and the facts are undisputed, a pure question of law is presented and summary judgment is appropriate. *See, Ailes v. Decatur County Area Planning Comm'n.* (1983), Ind., 448 N.E.2d 1057; *City of Anderson v. Associated Furniture & Appliances, Inc.* (1981), Ind., 423 N.E.2d 293.

■ Reasonable zoning regulations are a proper exercise of the police powers of the state. *Ailes, supra.* However, the exercise of such power may result in a taking of one's property without just compensation and in violation of the Indiana Constitution and the United States Constitution. *City of Evansville v. Reis Tire Sales, Inc.* (1975), 165 Ind.App. 638, 333 N.E.2d 800. Not every zoning burden placed upon private property constitutes a taking. A taking will be found only where all reasonable uses of the property are prevented. *City of Anderson, supra; Foreman v. State ex. rel. Dept. of Natural*

*Resources* (1979), 180 Ind.App. 94, 387 N.E.2d 455.

■ A distinction must be drawn between an assertion that a parcel of property is not zoned for its best and most profitable use and a situation where the present zoning restriction results in a deprivation of one's property rights. Only the latter is confiscatory. *Taylor-Chalmers, Inc. v. Bd. of Comm'rs. of LaPorte County* (1985), Ind.App., 474 N.E.2d 531; *Metropolitan Bd. of Zoning Appeals of Marion County v. Sheehan Constr. Co.* (1974), 160 Ind.App. 520, 313 N.E.2d 78.

In cases involving government regulation of the use of private property, the Supreme Court has determined that a taking does not occur merely because the regulation deprives the property owner of the most profitable use of his property. *Penn Central Transp. Co. v. City of New York* (1978), 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631; *United States v. Central Eureka Mining Co.* (1958), 357 U.S. 155, 78 S.Ct. 1097, 2 L.Ed.2d 1228.

Appellant contends that the refusal of the Common Council to rezone his 37.6 acres from light commercial to residential amounted to an unconstitutional taking of his property. Approximately eight (8) acres of appellant's property are utilized for commercial purposes; the remainder is utilized as farmland. The land is level and contains no natural or geological barriers to commercial development. Numerous business establishments have expressed interest in developing appellant's property; however, no agreement has been reached for such development. He contends the best and most profitable use of the 37.6 acres is for residential development. As presently zoned, the market value is $2,000 an acre. If the property is rezoned for residential development, the market value would be increased to $10,000 an acre.

■ When reviewing a grant of summary judgment, we construe the evidence in the light most favorable to the non-moving party. *Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d 677. There is no indi-

cation of any evidence to support appellant's claim that the present zoning deprives him of all reasonable use of his property. Rather, the facts establish that the failure to rezone the 37.6 acres prevents the most profitable use of the land. This does not constitute a compensable taking. As previously mentioned, an unconstitutional taking results only when all reasonable use of the land is prevented by the zoning classification. *City of Anderson, supra; Foreman, supra.* If the zoning classification merely prevents the most profitable use of the land, a taking cannot be established nor is there any right to compensation. There is no evidence that the property cannot be utilized for its zoned uses. We therefore affirm the trial court in its grant of summary judgment in favor of the City of Franklin.

■ Appellant next contends the Common Council's refusal to rezone his property from light commercial to residential is an unconstitutional exercise of the police power since the ordinance does not bear a substantial relationship to the public welfare.

■ A zoning ordinance is presumed valid and a party attacking the ordinance must prove that the classification is arbitrary, unreasonable and bears no substantial relationship to the health, safety or welfare of the community. *Chico Corp. v. Delaware-Muncie Bd. of Zoning Appeals* (1984), Ind.App., 466 N.E.2d 472.

Nothing in this record indicates that the present zoning classification is an unconstitutional exercise of the police power.

The trial court did not err in finding that the ordinance bears a substantial relationship to the public welfare.

The trial court is in all things affirmed.

All Justices concur.